UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
DEVON GORDON,

                Plaintiff,

                -against-

CITY OF NEW YORK, NEW YORK CITY POLICE
OFFICER JERRY BOWENS, and NEW YORK CITY
POLICE OFFICERS "JOHN DOE" 1-6,

                Defendants.
--------------------------------------------------------------------X

Civ.

COMPLAINT
and DEMAND FOR
JURY TRIAL

GERSHON, J

REYES, M.J

## INTRODUCTORY STATEMENT

1. The plaintiff, Devon Gordon, brings this action under 42 U.S.C. § 1983 and related state laws seeking declaratory relief, compensatory and punitive damages, and attorney fees under 42 U.S.C. § 1988 for the defendants' violation of rights afforded by the United States Constitution and the laws of New York.

2. Defendants falsely arrested and wrongfully imprisoned the plaintiff, and in effecting that arrest and imprisonment used excessive and unlawful force and strip-searched him, in violation of the United States Constitution and the laws of the State of New York.

## JURISDICTION AND VENUE

3. The court has jurisdiction over plaintiff's claims under 42 U.S.C. § 1983, pursuant to 28 U.S.C. §§ 1331 and 1343(3).

4. The Court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

11. Defendants New York City police officer Jerry Bowens and New York City police officers "John Doe" 1 through 6, sued herein in their individual capacities, are currently and were, at all times hereafter mentioned, employed by the City of New York as police officers and were acting within the scope of their employment.

12. All defendants, either personally or by and through their employees, were at all times material to this incident, acting under color of state law, to wit, under color of the statutes, ordinances, customs, policies and/or practices of the State of New York and/or the City of New York, and defendant City of New York's employees were also acting within the scope of and in furtherance of their employment.

13. At all times material to this complaint, the defendants acted jointly and in concert with each other. Each defendant had the opportunity and the duty to protect the plaintiff from the unlawful actions of the other defendants but each defendant failed and refused to perform such duty, thereby proximately causing the plaintiff's injuries.

## FACTUAL ALLEGATIONS

14. On November 16, 2007, Plaintiff Devon Gordon was in the lobby of the apartment building where he resided, at 1834 Caton Avenue, Brooklyn, New York. Plaintiff was eating pizza and socializing with two friends.

15. At around 3:00 A.M. on November 16, 2007, Defendant police officer Bowens entered the lobby of the building, dressed in civilian clothes. Defendant Bowens pointed a loaded firearm at Plaintiff and his friends, and forced the three of them onto the floor at gunpoint.

16. Shortly thereafter, 6 to 8 other "John Doe" police officers, also dressed in civilian clothes, entered the lobby of the building.

17. Defendant police officer Bowens and the other "John Doe" police officers began yelling obscenities at the plaintiff and his friends, and ordered the three of them to get on the ground.

18. As Plaintiff was getting to his knees, one of the defendant officers pushed him to the ground.

19. While they were face down on the ground, defendants Bowens and the other "John Doe" police officers handcuffed plaintiff and his friends.

20. While plaintiff was face down on the ground, the defendant officers emptied his pockets and searched his person.

21. In response to questions concerning his alleged criminal activity, defendant Bowens told plaintiff that he was trespassing.

22. Plaintiff told the defendant officers that he lived in the building, and that he had his driver's license in his back pocket.

23. Plaintiff's driver's license identifies 1834 Caton Avenue as his address.

24. Defendants ignored plaintiff's plea, and placed him under arrest.

25. Defendants then transported plaintiff the 70th Precinct in a police vehicle.

26. Plaintiff's arrest was without probable cause, as he lived in the building and was not trespassing. Moreover, he was not engaged in any criminal activity.

27. While in police custody at the 70th Precinct, defendant John Doe police officers strip searched plaintiff and ordered him to cough while completely naked, spread his buttocks cheeks and lift his testicles.

28. Plaintiff was at no time suspected of having any contraband or weapons, and no such contraband or weapons were found on his person.

29. Following the strip search, plaintiff stayed at the 70th precinct until hours later, when he was transported to Central Booking and to the Courthouse for arraignment.

30. Without ever appearing before a Judge for arraignment, plaintiff was eventually released from police custody at 7:30 p.m. that night, November 16, 2007.

31. No criminal charges were filed against plaintiff relating to the November 16, 2007 incident.

32. At no time during the course of this incident did plaintiff engage in any activity which was illegal, unlawful, suspicious, or would otherwise have reasonably drawn the attention or suspicion of the police, and more particularly the defendants herein.

33. At no time during the course of this incident did plaintiff engage in any activity which would have required, necessitated or warranted the police, and more particularly the defendants here, to arrest him.

34. At no time during the course of this incident did plaintiff engage in any activity which would have required, necessitated or warranted the police, and more particularly the defendants here, to use excessive force.

35. At no time during the course of this incident was there probable cause, or any cause, to arrest plaintiff or charge him with a crime.

36. At no time during the course of this incident was plaintiff secreting drugs or other contraband.

37. At no time during the course of this incident did plaintiff engage in any activity which would have aroused reasonable suspicion that Plaintiff was secreting drugs or other contraband.

38. At no time during the course of this incident did plaintiff put up any resistance or otherwise act in a disorderly or assaultive manner.

39. At no time during the course of this incident did plaintiff pose or indicate a threat to defendants.

40. As a direct and proximate result of defendants' actions as described herein, plaintiff has suffered and continues to suffer mental and emotional trauma, deprivation of liberty, ridicule, scorn, humiliation, embarrassment and extreme shame.

41. Defendant New York City police officer Bowens and other members of the Brooklyn South narcotics bureau are part of a ongoing corruption investigation.

42. Defendant New York City police officer Bowens was recently arrested and accused of using drugs and cash recovered during arrests to pay off confidential informants.

43. At least three other Brooklyn police officers have been arrested on similar charges.

44. On information and belief, the ongoing corruption investigation of the Brooklyn South narcotics bureau has identified at least 80 criminal cases that are believed to have been tainted because the officers involved in the scandal were considered critical to successful prosecutions in those cases.

FIRST CAUSE OF ACTION: FEDERAL CIVIL RIGHTS

45. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 44 of this complaint.

46. As a direct and proximate result of defendants' actions on November 16, 2007, plaintiff was deprived of rights, privileges and immunities secured to him under the

Constitution and the laws of the United States, including, but not limited to, his rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983 to be secure in his person, to be free from the use of excessive and unreasonable force, to be free from unreasonable searches and seizures, to be free from malicious prosecution, false arrest, false imprisonment, and punishment without due process.

47. The defendants acted with malice or with reckless disregard for whether plaintiff's rights would be violated by their actions.

48. As a result of the aforesaid violation of plaintiff's rights, he sustained emotional pain and suffering, was deprived of liberty, and was subjected to ridicule, scorn and humiliation by those observing and/or knowing of his arrest, imprisonment, and strip search.

49. Plaintiff seeks compensatory damages from all defendants, as well as punitive damages from all the individual defendants.

## SECOND CAUSE OF ACTION: FALSE ARREST

50. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 49 of the complaint.

51. Defendants arrested and subsequently confined plaintiff without probable cause to believe that plaintiff committed any offense for which an arrest may be lawfully made.

52. Plaintiff was conscious of and did not consent to his arrest and subsequent confinement.

53. Defendants' arrest and subsequent confinement were without any legitimate cause or justification and were intentional, malicious, reckless and in bad faith, in violation of the common law of the State of New York.

54. As a result of the foregoing, plaintiff sustained the damages and injuries previously described above.

55. Plaintiff seeks compensatory damages from all defendants, as well as punitive damages from all the individual defendants.

### THIRD CAUSE OF ACTION: NEGLIGENCE

56. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 55 of this complaint.

57. Defendants police officer Bowens and "John Doe" police officers 1 through 6 were negligent in the following respects:

   a. Failing to use the proper standard of care in stopping and questioning plaintiff, in investigating any alleged wrongdoing of plaintiff, in failing to refrain from using unnecessary force during the course of their investigation of plaintiff's actions, and in that they failed to recognize that plaintiff posed no threat to them and should not have been subject to the above described treatment including the use of excessive and unnecessary physical force, strip-search and detention;

   b. Failing to use reasonable care, prudence and diligence in managing, caring for, and protecting Plaintiff;

   c. Failing to act with that degree of reasonable care and diligence that the circumstances then and there existing required, and which would have prevented the happening of the occurrence complained of herein.

58. Defendant City of New York was negligent in the following respects:

   a. Failing to use the proper standard of care to prevent defendant officers from engaging in the activity described above;

   b. Failing to use reasonable care, prudence and diligence in managing, caring for, and protecting Plaintiff while he was in the custody of the New York City Police Department;

   c. Failing to properly train, supervise and/or discipline defendant officers;

   d. Failing to terminate the employment of the individual defendants, or some of them, after actual and/or constructive notice that said individual defendants had violent and abusive tendencies and were unfit to be police officers;

   e. Failing to act with that degree of reasonable care and diligence that the circumstances then and there existing required, and which would have prevented the happening of the occurrence complained of herein.

59. The occurrence of November 16, 2007 was due solely to the negligence and carelessness of defendants.

60. As a result of defendants' negligence, plaintiff sustained the damages and injuries previously described above, and seeks compensatory damages from all defendants.

## FOURTH CAUSE OF ACTION: ASSAULT AND BATTERY

61. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 60 of this complaint.

62. Defendants' handcuffing, strip searching, and physical assault of the plaintiff, without his permission, were warrantless, unlawful, and not otherwise privileged.

63. Defendants' actions therefore constituted an assault and battery in violation of the law of the State of New York.

64. The aforesaid assault and battery was made possible, and was proximately caused by, the agency relationship between the aforesaid individual defendants and defendant City of New York, to wit, the employment of the aforesaid individual defendants by the defendant City of New York as police officers.

65. The aforesaid assault and battery occurred during, in furtherance of, and within the scope of the employment of the individual defendants by the defendant City of New York, to wit, the employment of the aforesaid individual defendants by the defendant City of New York as police officers.

66. As a result of the aforesaid agency relationship, and the aforesaid individual defendants' acts while within the employ of the defendant City of New York, the defendant City of New York is vicariously liable for the aforesaid intentional tortious conduct of the individual defendants, in that the City of New York encouraged and/or otherwise fostered and/or allowed the assault and battery to be committed upon the plaintiff by giving the individual defendants the means and opportunity to perform such assault and battery and/or allowing, creating and/or suffering an official policy or custom which made such assault and battery possible.

67. As a result of the foregoing, plaintiff sustained the damages and injuries previously described above, and seeks compensatory damages from all defendants, as well as punitive damages from all individual defendants.

### SIXTH CAUSE OF ACTION: *MONELL*

68. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 67 of this complaint.

69. Prior to November 16, 2007, defendant City of New York developed and maintained policies and customs which caused the deprivation of plaintiff's constitutional rights.

70. Prior to November 16, 2007, the responsible policy making officials of defendant City of New York knew, or in the exercise of reasonable care should have known, that individual police officers of the City of New York had engaged in a pattern and practice of illegal and unconstitutional conduct, including performing false arrests and unconstitutional searches on arrestees. Specifically, defendant City of New York knew or should have known that defendant officer Bowens and other Brooklyn police officers had falsely arrested and/or unlawfully searched numerous other people, often resulting in tainted prosecutions.

71. Despite knowledge of the aforesaid pattern and practice, defendant City of New York failed to properly investigate this conduct, and failed to supervise, train and discipline the officers of the New York City Police Department.

72. Defendant City of New York adopted a "hands off" policy or custom with regard to such illegal and unconstitutional acts committed by police officers and corrections officers, which encouraged the individual defendants in this case to believe that they could violate the constitutional rights of the plaintiff with impunity and with the explicit or tacit approval of defendant City of New York, in violation of 42 U.S.C. § 1983.

73. As a result of the foregoing, plaintiff sustained the damages and injuries previously described, and seeks compensatory damages from the City of New York.

## JURY DEMAND

74. The plaintiff respectfully demands that this proceeding be tried by a jury.

WHEREFORE, plaintiff prays for the following relief:

a. For a declaratory judgment under 28 U.S.C. Sec. 2201 declaring that the defendants, separately and in concert, violated the plaintiffs' constitutional rights;

b. For compensatory damages against all defendants;

c. For punitive damages against the individual defendants;

d. For attorney's fees and costs pursuant to 42 U.S.C. § 1988; and,

e. For such other relief as is just and proper.

DATED: New York, New York
March 17, 2008

Respectfully submitted,

BERANBAUM MENKEN BEN-ASHER & BIERMAN LLP

By: _____
BRUCE E. MENKEN    (BEM1140)
80 Pine Street, 32nd Floor
New York, NY 10005
Ph: (212) 509-1616
Fax: (212) 509-8088